UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PAOLO GUERRA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERT ERNST, et al.,<br><br>Defendants. | Civ. No. 2:16-cv-10914-GCS-DRG<br><br><u>CLASS ACTION</u><br><br>Honorable George Caram Steeh |

[Caption continued on following page.]

WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF

| | |
|---|---|
| HAROLD SEVERANCE, On Behalf of Himself and All Others Similarly Situated and Derivatively on Behalf of Nominal Defendant ITC HOLDINGS CORP., <br><br>                  Plaintiff, <br><br>  vs. <br><br>JOSEPH L. WELCH, et al., <br><br>                  Defendants, <br><br>  – and – <br><br>ITC HOLDINGS CORP., a Michigan corporation, <br><br>                  Nominal Defendant. | Civ. No. 2:16-cv-11293-GCS-DRG |
| SANJIV MEHROTRA, Individually and On Behalf of All Others Similarly, <br><br>                  Plaintiff, <br><br>  vs. <br><br>JOSEPH L. WELCH, et al., <br><br>                  Defendants. | Civ. No. 2:16-cv-11449-GCS-DRG |

PLEASE TAKE NOTICE that, on a date and at such time as may be designated by the Court, in the Courtroom of the Honorable George Caram Steeh, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, putative class member and proposed lead plaintiff Washtenaw County Employees' Retirement System (the "Retirement System") will, and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing the Retirement System as lead plaintiff; and (3) approving the Retirement System's selection of Robbins Geller Rudman & Dowd LLP as lead counsel.[1] In support of this Motion, the

---

[1] Local Rule 7.1(a) requires a conference of counsel prior to filing motions. However, because of the Private Securities Litigation Reform Act of 1995's procedure whereby any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), the Retirement System will not know which other class members, if any, will seek appointment as lead plaintiff until after the June 13, 2016, filing deadline expires. Consequently, the Retirement System respectfully requests that Local Rule 7.1(a)'s conferral requirement be waived in this narrow instance.

Retirement System submits herewith a Memorandum of Law and an Index of Exhibits.

DATED: June 13, 2016          Respectfully submitted,

THE MILLER LAW FIRM, P.C.
E. POWELL MILLER (P39487)
MARC L. NEWMAN (P51393)
M. RYAN JARNAGIN (P76838)

s/ Marc L. Newman
MARC L. NEWMAN

950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: 248/841-2200
248/652-2852 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID T. WISSBROECKER
EDWARD M. GERGOSIAN (P35322)
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

        VANOVERBEKE MICHAUD &
          TIMMONY, P.C.
        THOMAS C. MICHAUD
        79 Alfred Street
        Detroit, MI  48201
        Telephone:  313/578-1200
        313/578-1201 (fax)

        Additional Counsel for Plaintiff

## STATEMENT OF ISSUES PRESENTED
## PURSUANT TO LR 7.1(D)(2)

1. Whether the Court should consolidate the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2. Whether the Court should appoint the Retirement System as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3. Whether the Court should approve the Retirement System's selection of Robbins Geller as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## STATEMENT OF CONTROLLING AUTHORITY
## PURSUANT TO LR 7.1(D)(2)

The lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3), *et seq*.

### MEMORANDUM OF LAW IN SUPPORT OF WASHTENAW COUNTY EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

**I.     INTRODUCTION**

Presently pending in this District are three securities lawsuits (the "Related Actions") on behalf of purchasers of current ITC Holdings Corp. ("ITC" or the "Company") shareholders alleging violation of both state law and the Securities Exchange Act of 1934 (the "1934 Act").[2] In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing the lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because each involves substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); §III.A., *infra.*

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The

---

[2]     The Related Actions are *Guerra v. Ernst*, No. 16-cv-10914 (filed Mar. 14, 2016); *Severance v. Welch*, No. 16-cv-11293 (filed Apr. 8, 2016); and *Mehrotra v. Welch*, No. 16-cv-11449 (filed Apr. 22, 2016).

Retirement System should be appointed as lead plaintiff because it: (1) timely filed this Motion; (2) has the largest financial interest in the relief sought by this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

In addition, the Retirement System's selection of Robbins Geller to serve as lead counsel should be approved because the firm possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.   FACTUAL BACKGROUND

ITC engages in the transmission of electricity, functioning as a conduit, allowing for power from generators to be transmitted to local distribution systems through its own systems or in conjunction with neighboring transmission systems. The complaints charge ITC, its board of directors (the "Board") and Fortis Inc. and two of its subsidiaries ("Fortis") with violations of the 1934 Act and/or breaches of fiduciary duty in connection with the proposed acquisition of ITC by Fortis.

On February 9, 2016, the Company announced it had entered into an Agreement and Plan of Merger ("Merger Agreement") pursuant to which Fortis will acquire all of the outstanding shares of ITC (the "Proposed Transaction") through its wholly-owned U.S. subsidiaries FortisUS, Inc. and Element Acquisition Sub Inc. Pursuant to the

terms of the Merger Agreement, which was unanimously approved by the Board, ITC shareholders will receive $22.57 in cash and 0.7520 shares of Fortis stock for each share of ITC stock owned (the "Merger Consideration"). The *Guerra* Amended Complaint alleges that the Individual Defendants breached their fiduciary duties by improperly agreeing to the acquisition by Fortis without obtaining adequate, fair and maximum consideration because they failed to negotiate a collar on the stock portion of the proposed Merger Consideration which means the total consideration ITC shareholders will receive is subject to fluctuations in Fortis's stock performance. Indeed, as of March 22, 2016, based on Fortis's stock price and currency exchange rate, the dollar value of the stock portion of the Merger Consideration is $22.95, for a total consideration of $42.65, a dramatic decline from the total value of over $53.00 when the Proposed Transaction was announced. In addition, the *Guerra* Amended Complaint alleges that the value of ITC shareholders' investment post-merger is illusory because of the dilution of their shares by Fortis's financing arrangements to fund the Proposed Transaction. Finally, the *Guerra* Amended Complaint alleges the Individual Defendants exacerbated their breaches of fiduciary duty by agreeing to lock-up the Proposed Transaction with deal protective devices that preclude other bidders from making a successful competing offer for the Company.

The *Guerra* Amended Complaint also alleges that defendants violated §14(a) and §20(a) of the 1934 Act by causing a materially incomplete and misleading Form F-4 Registration/Joint Proxy Statement ("Proxy Statement") to be filed with the SEC and disseminated to shareholders on March 17, 2016.[3] Specifically, the *Guerra* Amended Complaint alleges the Proxy Statement contains materially incomplete and misleading information concerning: (i) the background of the Proposed Transaction; (ii) the Company's and Fortis's internal financial forecasts relied on by the Board and its financial advisors; and (iii) the financial analyses of the Proposed Transaction performed by ITC's and the Board's financial advisors.  The *Guerra* Amended Complaint seeks injunctive relief as well as damages if the Proposed Transaction is consummated.

On June 6, 2016, plaintiff Guerra filed a Memorandum of Understanding with the Court, indicating that the three named plaintiffs had agreed to settle their claims with defendants. *See* Dkt. No. 8. As the Retirement System indicated in its response thereto, it is premature for any named plaintiff to settle and release any of the putative class's claims before a lead plaintiff is appointed by the Court.  Consequently, the

---

[3] After the *Guerra* Amended Complaint was filed, ITC filed a Definitive Proxy Statement with the SEC on May 17, 2016.  The Definitive Proxy Statement stated that the special meeting of ITC shareholders will occur on June 22, 2016.

Court should decline to consider any purported settlement until after the Related Actions are consolidated and a lead plaintiff and lead counsel have been duly appointed pursuant to the PSLRA. *See Lambert v. Tellabs, Inc.*, No. 13 C 7945, Order (N.D. Ill. Apr. 25, 2014) (deferring consideration of preliminary approval motion until after the lead plaintiff and lead counsel issues are resolved) (previously attached as Dkt. No. 93).[4]

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The Court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Related Actions assert similar claims arising out of the same Proposed Transaction on behalf of ITC shareholders against identical defendants. As such, the Related Actions should be consolidated.

#### B. The Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national

---

[4] Notably, plaintiff Guerra's counsel was also involved in the attempt to settle *Lambert* before the lead plaintiff deadline expired in that case.

business-oriented publication or wire service not later than twenty days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Retirement System meets each of these requirements and should therefore be appointed as Lead Plaintiff.

### 1. This Motion Is Timely

On April 14, 2016, notice was published on *PR Newswire* advising potential class members of the pendency of the action, the claims asserted, and the right to seek appointment as lead plaintiff within 60 days, or by June 13, 2016. *See* Notice of of Pendency of Action, Ex. A. The Retirement System's motion is therefore timely and it is entitled to be considered for appointment as lead plaintiff.

### 2. The Retirement System Has the Largest Financial Interest in the Relief Sought by the Class

In cases alleging §14(a) violations, the "number of shares held" and eligible to be voted on the merger is the primary factor courts consider "in gauging the movants'

financial interest in the Section 14(a) claims." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009); *Zucker v. Zoran Corp.*, 2006 U.S. Dist. LEXIS 93469, at *8-*9 (N.D. Cal. Dec. 11, 2006) ("the candidate with the largest potential recovery [is] the candidate [that] bought the largest number of . . . shares").

The Retirement System holds 4,679 shares of ITC stock, which shares are valued at approximately $216,000 based upon the Merger Consideration. *See* Index, Ex. B. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.[5] Therefore, the Retirement System satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Retirement System Otherwise Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the

---

[5] Plaintiff Guerra only holds 100 shares. *See Guerra v. Ernst*, No. 2:16-cv-10914, Dkt. No. 3 at page 48 of 48. The other plaintiffs' interests are unknown because plaintiff Mehrotra did not file a PSLRA certification and plaintiff Severance did not state his holdings on his certification (and the addendum was not filed with the Court).

class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

Rule 23's "typicality" requirement is met if the plaintiff's claims "'arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) (citation omitted). The rule's "adequacy" requirement is satisfied where the representative "'ha[s] common interests with unnamed members of the class'" and will "'vigorously prosecute the interests of the class through qualified counsel.'" *Id*. (citation omitted).

Here, the Retirement System's claims are based on the same legal theory and arise from the same events and course of conduct as the class's claims. The Retirement System also satisfies the adequacy requirements because its interest is also the same as the rest of the class and it will vigorously prosecute this action with the assistance of its qualified counsel (as discussed in §III.C below). Moreover, the Retirement System is an institutional investor with prior experience serving as lead plaintiff. *See* Certification of the Retirement System, Ex. B.

As such, the Court should find that the Retirement System satisfies the Rule 23 inquiry at this stage.

### C. The Court Should Approve the Retirement System's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Retirement System has selected Robbins Geller as lead counsel. *See* Robbins Geller Firm Resume, Ex. C. Robbins Geller, a 200-lawyer firm with offices nationwide, regularly practices complex securities litigation. *Id*. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *Id.*; *see also Dougherty v. Esperion Therapeutics, Inc.*, No. 16-cv-10089, Order at 4 (E.D. Mich. Apr. 5, 2016) (appointing Robbins Geller (and another firm) as lead counsel in securities class action case). *See* Dougherty Order, Ex. D.

The Retirement System's counsel is competent, experienced, and qualified to represent the interests of the plaintiff class. Accordingly, Robbins Geller should be appointed as Lead Counsel.

## IV. CONCLUSION

The Court should consolidate the Related Actions because they share overlapping questions of law and fact. In addition, the Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Retirement System respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Robbins Geller as Lead Counsel. A Proposed Order is attached as Exhibit E.

DATED: June 13, 2016

Respectfully submitted,

THE MILLER LAW FIRM, P.C.
E. POWELL MILLER (P39487)
MARC L. NEWMAN (P51393)
M. RYAN JARNAGIN (P76838)

s/ Marc L. Newman
MARC L. NEWMAN

950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: 248/841-2200
248/652-2852 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID T. WISSBROECKER
EDWARD M. GERGOSIAN (P35322)
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2016, I electronically filed the attached document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

        <u>s/ Marc L. Newman</u>
        MARC L. NEWMAN

        THE MILLER LAW FIRM, P.C.
        E. POWELL MILLER (P39487)
        MARC L. NEWMAN (P51393)
        M. RYAN JARNAGIN (P76838)
        950 West University Drive, Suite 300
        Rochester, MI  48307
        T:  (248) 841-2200
        F:  (248) 652-2852

        E-mail:  mln@millerlawpc.com